IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-502-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERMAINE DEAMETRIUF BETHEL | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant/petitioner, Jermaine Bethel, is an inmate with the Federal Bureau of Prisons. He has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 contending that this court did not properly apply the Fair Sentencing Act of 2010 to his case. He also argues that the court should have considered his prior state convictions as relevant conduct.

The government, here the respondent, has filed a motion for summary judgment in opposition to the § 2255 motion and suggests that the defendant's claims are without merit. The court advised the defendant in a *Roseboro* order of the importance of his adequate response to the motion to dismiss, however, the defendant did not respond. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The court also advised the defendant of his right to respond to the government's supplemental response to the § 2255 motion, but the defendant did not file a reply to this pleading either.

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that summary judgment should be entered for the government.

1

PROCEDURAL HISTORY

In February 2010, the defendant pled guilty to Count 1 of the superseding indictment which charged conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(a), which subjected him to a statutory mandatory life sentence.

The Presentence Report (PSR), which was adopted by this court, noted that the defendant had four prior felony drug convictions in state court. The defendant was properly notified earlier of these enhancements under 21 U.S.C. § 851. Although the defendant was determined to be a career offender with a guidelines range of 262 to 327 months based upon his extensive prior record, his ultimate sentence was based upon the statutory mandatory life sentence which trumped his career offender guidelines range.

At sentencing on April 26, 2011, the government filed a motion for a downward departure of six levels under U.S.S.G. 5K1.1 for substantial assistance. This reduced the defendant's offense level from 37 to 31, which produced a guidelines range of 188 to 235 months. The defendant was sentenced to 188 months imprisonment. The defendant did not file a direct appeal of his sentence.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was

2

without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  It appears that the § 2255 motion is timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2255.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.*  Because the defendant is acting *pro se*, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

DISCUSSION

As the government notes in its response in opposition to the § 2255 motion, it is not clear whether the defendant is asserting that counsel was ineffective or not with regard to the interpretation of the Fair Sentencing Act and with regard to the relevant conduct issue raised by the defendant.

As an initial matter, the Fair Sentencing Act (FSA) does not apply to the defendant's sentence. The FSA was enacted on August 3, 2010 and statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b)—it did not change the statutory mandatory minimum for powder cocaine.[1] The defendant pled guilty to 50 grams or more of cocaine base (crack) *and* 5 kilograms or more of powder cocaine. Thus, the FSA does not apply to the defendant's sentence. Moreover, the defendant's sentence was based upon a mandatory life sentence as a result of the § 851 enhancements stemming from the defendant's four prior felony drug convictions.

In order to prevail on an ineffective assistance claim, the petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court

---

[1] In the recent Supreme Court case of *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012), the Court found that the Fair Sentencing Act (FSA) does not apply to those defendants sentenced prior its enactment on August 3, 2010. Further, the Fourth Circuit Court of Appeals determined in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) that the FSA applies retroactively only to offenders whose crimes preceded August 3, 2010, but who were sentenced after that date.

must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

As noted above, the FSA does not apply to the defendant's sentence. Thus, the defendant cannot show that his attorney's representation was deficient or that it prejudiced his case on this issue.

With regard to the defendant's second ground for relief—that his prior state convictions should have been considered relevant conduct—such assertions are without merit. As the government properly notes in its opposition memoranda, even if all of the defendant's prior felony drug convictions were considered relevant conduct, they would have no impact upon his sentence because it was determined by the § 851 enhancements which subjected him to a statutory mandatory life sentence.

## CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit, and that the government's motion for summary judgment (ECF No. 1074) should be granted.

5

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 25, 2013                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).